UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TOMMY ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:19-CV-017 |
| | )  2:16-CR-007 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Tommy Allen's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 409].[1] The United States has responded in opposition [Doc. 4], and Petitioner filed a reply [Doc. 5]. Petitioner has also filed two motions to amend/revise § 2255 motion [Docs. 7 & 9], and a supplement to his motion to amend/revise [Doc. 10] which are pending before this Court. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 409] will be **DENIED** and Petitioner's motions to amend [Docs. 7 & 9] will be **DENIED**.

I.     BACKGROUND

In April 2016, Petitioner and ten co-defendants were charged in a seventeen-count superseding indictment pertaining to conspiracy and distribution of 280 grams or more of

---

[1] Document numbers not otherwise specified refer to the civil docket.

a mixture and substance containing a detectable amount of cocaine base "crack", a Schedule II controlled substance, along with forfeiture allegations. [Crim. Doc. 99]. Petitioner was named in five counts. [*See id*.].

On May 17, 2016, Petitioner entered into a plea agreement with the government. [Crim. Doc. 151]. Petitioner agreed to plead guilty to one count of conspiracy to distribute 280 grams or more of cocaine base "crack" in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(A). [*Id*.] The plea agreement was signed by Petitioner and attorney Curtis Collins. [*Id*.].

In his plea agreement, Petitioner acknowledged that he was a member of a drug trafficking organization which obtained powder cocaine, primarily from Arkansas, transported the cocaine to Kingsport, TN where it was processed into cocaine base "crack." After processing, the "crack" was distributed in Kingsport by Petitioner and co-defendants, primarily in .5 gram quantities. Beginning in approximately April 2014, Petitioner distributed crack cocaine and arranged sales of crack cocaine via telephone. Through confidential sources, law enforcement conducted five controlled buys from Petitioner between December 2014 and October 2015. Law enforcement also interviewed several unindicted co-conspirators and co-defendants who stated that they bought crack cocaine from Petitioner. Petitioner agreed that he was responsible for the distribution of at least 840 grams, but less than 2.8 kilograms of crack cocaine.

The Court conducted a change of plea hearing on June 21, 2016. At the hearing, Petitioner was arraigned and specifically advised of his rights, his motion to change plea to guilty was granted, he waived the reading of the Indictment, he pled guilty to Count 1

of the Second Superseding Indictment, the Government moved to dismiss the remaining counts at sentencing, Petitioner was referred for a Presentence Investigative Report ("PSR"), and he was to remain in custody until his sentencing hearing. [Crim. Doc. 164; *see also* Crim. Doc. 393].

The PSR calculated a total offense level of 34 and a criminal history category of VI, resulting in a guideline range of 262 to 327 months. [Crim. Doc. 251, ¶ 73]. The PSR also noted that, has the United States sought enhanced punishment, Petitioner would have faced a mandatory term of Life imprisonment. [*Id*. at ¶ 75].

The United States filed a notice of no objections to the PSR. [Crim. Doc. 256]. The United States also filed sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 262 to 327 months' imprisonment and stated that it would not be filing a motion for downward departure as Petitioner had not been truthful during the debrief. [Crim Doc. 261].

Petitioner, through counsel, filed objections to the PSR, objecting to 1) the allegation that Petitioner paid rent on an apartment his co-defendant used for drug distribution. 2) the enhancement for maintaining a drug-involved premises, and 3) the enhancement for Petitioner's prior convictions and determination that Petitioner was a career offender. [Crim. Docs. 262 & 293]. Petitioner, through counsel, filed a sentencing memorandum, requesting a downward variance from the advisory guideline range based on the 18 U.S.S.C. § 3553(a) factors and Petitioner's attempt to substantially assist the Government, even though the Government did not believe him. [Crim. Doc. 318].

The Court held an evidentiary hearing on Petitioner's objections to the PSR on November 29, 2016. After hearing argument, the Court overruled Petitioner's objection to his career offender designation and, as the Court applied the career offender base offense level because it was higher, the Court overruled Petitioner's objection to the drug-involved premises objection as moot. [Crim. Doc. 334]. On January 31, 2017, the Court sentenced Petitioner to a total of 240 months' imprisonment and then five years of supervised release. [Crim. Doc. 355]. Petitioner filed a direct appeal which was denied by the Court of Appeals on October 27, 2017, and on January 21, 2019, he filed this § 2255 motion.

## II.  STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his

4

ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d

at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner raises two claims in this § 2255 motion: 1) ineffective assistance of counsel for failing to inform Petitioner that he was waiving his right to appeal by signing the plea agreement and 2) ineffective assistance of counsel for "misleading" Petitioner to accept a plea agreement that waived his right to appeal. [Doc. 1; Crim. Doc. 409]. As both of these claims revolve around whether counsel was ineffective regarding the appeal waiver in Petitioner's plea agreement, the Court will address the claims together. Petitioner also attempts to raise two additional claims in his motions to amend: 1) that the Court erred in applying an enhancement for Petitioner maintaining a drug-involved premises and 2) that the Court erred in calculating Petitioner's criminal history points. [Docs. 7 & 9]. The Court will first address Petitioner's claims from his motions to amend, and then will address the ineffective assistance of counsel claim in his original motion.

**A. Motions to Amend [Docs. 7 & 9]**

In addressing Petitioner's motions to amend, the Court first finds it appropriate to address the timeliness of Petitioner's claims. Petitioner filed his § 2255 motion on January 21, 2019. [Doc. 1]. Thereafter, petitioner filed two motions explicitly attempting to add claims to his § 2255 motion. [Docs. 7 & 9]. The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the

impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. § 2255(f)(1)-(4). Under § 2255(f)(1), a judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

Here, Petitioner filed a direct appeal, which was denied on October 27, 2017. Petitioner did not seek a writ of certiorari in the Supreme Court, though he had ninety days to do so. *See* 28 U.S.C. § 2101(c); U.S. Sup. Ct. R 13(1). Thus, adding ninety days for filing a certiorari to the date Petitioner's appeal was denied, he had one year from January 25, 2018, or until January 25, 2019, to file his § 2255 motion. Petitioner's initial § 2255 motion [Doc. 1], filed on January 21, 2019, is therefore timely under § 2255(f)(1). However, the Court still must evaluate the timeliness of petitioner's proposed amendments to his § 2255 motion, all of which were filed outside the one-year limitations period under § 2255(f)(1).

A claim raised in an untimely supplemental pleading can be deemed to have been filed on the same date as the initial, timely § 2255 motion if the supplemental claim "relates back" to the original § 2255 motion. Fed. R. Civ. P. 15(c). An untimely amendment or

7

supplement does not "relate back" to the original motion if it raises a new ground for relief involving different facts than those claims raised in the original motion. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Instead, a new claim and the original § 2255 motion must be "tied to a common core of operative facts." *Id*. at 664. The fact that a new claim relates to the same trial, conviction, or sentence as a timely filed claim is insufficient for relation back, as construing Rule 15 in this manner would undermine the purposes of the AEDPA limitations period. *Id*. at 662.

In his initial § 2255 motion, Petitioner raised claims that his counsel was ineffective for failing to adequately inform Petitioner that he was waiving his right to appeal when he signed the plea agreement. [Doc. 1]. In his later filings, Petitioner asserts the following new claims: (1) that Petitioner's criminal history points were incorrectly calculated, erroneously classifying him as a career offender; and (2) that the enhancement for maintaining a drug-involved premises should not have applied to Petitioner. [Docs. 7 & 9]. The Court finds that neither of these supplemental claims relate back to petitioner's initial claims, as each of these supplemental claims involves facts that were not part of the initial § 2255 motion. *See Felix*, 545 U.S. at 650. Accordingly, these claims are untimely under § 2255(f)(1) and may only be considered if they are timely under §§ 2255(f)(2), (f)(3), or (f)(4).

Section 2255(f)(2) involves situations where the government created an impediment to filing a claim. 28 U.S.C. § 2255(f)(2). Petitioner does not argue that he was prevented from raising these claims within the one-year AEDPA limitations period by some government action, and, thus, § 2255(f)(2) is inapplicable. Section 2255(f)(3) permits a claim which is based on a right that "has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review" to be filed within one year of the date of the Supreme Court's decision. 28 U.S.C. § 2255(f)(3). Petitioner has not raised a claim based on a newly recognized right by the Supreme Court. Finally, § 2255(f)(4) relates to claims that, in the exercise of due diligence, could not have been discovered until sometime later, after the petitioner's judgment of conviction became final. 28 U.S.C. § 2255(f)(4). As Petitioner's claims relate to his sentencing guidelines calculations in the PSR, with the exercise of due diligence, Petitioner could have discovered these claims prior to his sentencing. In fact, Petitioner, through counsel, objected to the career offender determination based on his criminal history points and to the enhancement for maintaining a drug-involved premises at sentencing. For these reasons, the Court finds that neither of Petitioner's supplemental claims are timely under § 2255(f)(4).

Accordingly, for the reasons stated above, the Court finds that Petitioner's supplemental claims are untimely under § 2255. Petitioner's motions to amend his § 2255 motion [Docs. 7 & 9] will be **DENIED**.

**B. Ineffective Assistance of Counsel Claims**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's argument fails at *Strickland's* second step. Any prejudice that may have resulted from counsel's misadvice regarding Petitioner's ability to appeal his sentence was cured by the Court at Petitioner's change of plea hearing. "[E]ven if counsel gives a defendant erroneous information, a defendant is not entitled to relief if the misinformation

is 'directly refuted on the record'" during the plea colloquy. *Cadavid-Yepes v. United States*, 635 F. App'x 291, 299 (6th Cir. 2016) (quoting *United States v. Todaro*, 982 F.2d 1025, 1029 (6th Cir. 1993)). A proper plea colloquy, as was held in this case, "cure[s] any misunderstanding [a defendant] may have had about the consequences of his plea." *Id*. at 299–300 (*quoting Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).

At the change of plea hearing, the Court informed Petitioner that, under the terms of the Plea Agreement, Petitioner was waiving his right to appeal any sentence imposed except for a sentence that was higher than any of the applicable guideline range determined by the Court or any applicable mandatory minimum sentence determined by the Court, whichever was greater. [Crim. Doc. 393, pp. 13-14]. Petitioner agreed. [*Id*. at 14]. The Court also informed Petitioner that he was also waiving his right to appeal the Court's determination as to whether his sentence would be consecutive or partially concurrent with any other sentence. [*Id*.] Petitioner again agreed. [*Id*.]. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner cannot show prejudice and his claim will be **DENIED**.

### IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 409] will be **DENIED** and **DISMISSED**. Petitioner's motions to amend [Docs. 7 & 9] will be **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge